# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00360-CV

---

In the Interest of K.B., a Child

---

On appeal from the
77th District Court of Limestone County, Texas
Judge Keith Downs, presiding
Trial Court Cause No. CPS-425-A

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

Mother and Father appeal from the trial court's order terminating their parental rights to their son, K.B. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1), (b)(2). In his sole issue on appeal, Father challenges the legal sufficiency of the evidence supporting the trial court's best-interest finding. *See id.* at § 161.001(b)(2). Mother's appointed counsel has filed a brief pursuant to *Anders v. California* asserting that Mother's appeal presents no issues of arguable merit. *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We affirm the judgment of the trial court.

## Background

Mother and Father have two biological children together – Ke.B. and K.B. In a separate termination proceeding, the Department of Family and Protective Services sought to terminate Mother and Father's parental rights to Ke.B. While that case was pending, K.B. was conceived. On August 17, 2023, the trial court signed an order terminating both parents' rights to Ke.B.

Approximately three months later, K.B. was born. Father was present at the hospital for K.B.'s birth. The Department removed K.B. at the hospital because both Mother and K.B. tested positive for methamphetamine. At the time of K.B.'s removal, Father admitted to daily marijuana use and to using methamphetamine every two days for the previous two years. The Department subsequently filed its petition to termination both parents' rights to K.B.

Family Plans of Service for Mother and Father were made orders of the court. Both parents were required to complete services such as drug testing, drug treatment, and counseling. Neither parent completed any of their services. At the time of trial, Mother was in a court-ordered inpatient rehabilitation facility as a condition of her felony probation for endangering a child.[1] Father was in custody on drug-related felony charges. After a bench trial, both parents' rights to K.B. were terminated under Sections

---

[1] The record indicates that this charge stemmed from Mother exposing Ke.B. to methamphetamine before the parents' rights to Ke.B. were terminated.

161.001(b)(1)(D), 161.001(b)(1)(E), and 161.001(b)(1)(O), and termination was found to be in K.B.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (b)(1)(E), (b)(1)(O), (b)(2).

## Father's Appeal

In his sole issue on appeal, Father asserts that the evidence is legally insufficient to support the trial court's best-interest finding. *See id.* at § 161.001(b)(2). We disagree.

STANDARD OF REVIEW AND AUTHORITY

The standard of review for legal sufficiency of the evidence in cases involving the termination of parental rights is as follows:

> In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible.

*In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

In determining the best interest of a child, a number of factors have been consistently considered which were set out in the Texas Supreme Court's opinion, *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not

exhaustive, but simply identifies factors that have been or could be pertinent in the best-interest determination. *Id.* There is no requirement that all of these factors must be proved as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the child's best interest. *See In re C.H.,* 89 S.W.3d 17, 27 (Tex. 2002). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *Dupree v. Tex. Dep't of Protective & Regul. Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ).

ANALYSIS

Father does not dispute the sufficiency of the evidence supporting the "endangerment" predicate grounds and his failure to complete his service plan. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (b)(1)(E), (b)(1)(O). Evidence relating to the predicate grounds may be relevant in determining the best interest of the child. *See In re C.H.*, 89 S.W.3d at 27-28. In deciding that termination of Father's parental rights was in K.B.'s best interest, the trial court focused on Father's pattern of illegal drug use and his failure to participate in services, his instability due to his incarceration, and the importance of prompt permanency for K.B.

A continuing pattern of illegal drug use implicates several of the *Holley* factors and can support a finding that termination of parental rights is in a child's best interest. *See In re E.D.*, 682 S.W.3d 595, 607 (Tex. App.—Houston [1st Dist.] 2023, pet. denied). Drug use is a condition indicative of instability in the home environment because it exposes the child to the possibility that the parent may be impaired or imprisoned. *See In re J.F.-G.*, 612 S.W.3d 373, 386 (Tex. App.—Waco 2020), *aff'd*, 627 S.W.3d 304 (Tex. 2021). Further, a parent's decision to use illegal drugs while the termination suit is pending, when he knows he is at risk of losing his child, is relevant in determining whether a parent poses a present or future risk of danger to the child. *See In re S.N.*, 272 S.W.3d 45, 52 (Tex. App.—Waco 2008, no pet.).

When the Department removed K.B. in this case, Father was on bond for the felony offenses of possession of a controlled substance and prohibited substance in a correctional facility – both involving methamphetamine. Based on Father's testimony, he frequently used marijuana and methamphetamine for approximately two years, including while his prior termination suit was pending. Despite facing pending felony charges and recently losing his parental rights to Ke.B., Father continued to use methamphetamine while his parental rights to K.B. were in jeopardy in this case. Just one month after K.B.'s removal, Father was arrested at one of his felony court appearances

because he tested positive for methamphetamine. He was later placed on deferred adjudication community supervision for both offenses. A few months before the final hearing in this case, Father was arrested on a new felony drug charge for possessing methamphetamine and the State filed motions to adjudicate in both of his probation cases. The motions to adjudicate his probation were admitted into evidence at the final hearing and alleged that Father also tested positive for methamphetamine while he was on probation, though this was denied by Father. Father was still incarcerated at the time of trial and was not sure when he might be released.

Additionally, a parent's failure to complete a service plan can be considered in determining a child's best interest. *See In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2019). The trial court may infer from a parent's failure to complete required services that the parent does not have the ability to motivate himself to seek out available resources needed now or in the future in order to promote the child's well-being. *In re C.K.T.*, No. 10-23-00288-CV, 2024 WL 860869, at *3 (Tex. App.—Waco Feb. 29, 2024, pet. denied) (mem. op.). Further, a parent's past endangering conduct may create an inference that the parent's past conduct may recur and further jeopardize the child's present or future well-being. *See In re J.S.S.*, 594 S.W.3d 493, 505 (Tex. App.—Waco 2019, pet. denied). Here, some of Father's services were specifically tailored to

address his illegal drug use, which was a significant factor in K.B.'s endangerment and removal. Though Father was intermittently incarcerated during this case, he admitted that he did not participate in any of his court-ordered services even while he was out of custody. The trial court could reasonably determine that Father's failure to avail himself of the services designed to address his illegal drug use jeopardized K.B.'s present and future well-being and supported a finding that termination was in K.B.'s best interest.

Finally, when children are too young to express their desires, the factfinder may consider that the children have bonded with the caregiver, are well-cared for by them, and have spent minimal time with a parent. *In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.). K.B. was almost one year old at the time of trial. Father agreed that he had not exercised any visitation with K.B. while the case was pending, had not seen the child since his removal at birth from the hospital, and had no personal relationship with K.B. Father also agreed that he did not have the present ability to provide a home for K.B. and he could not predict when he might be released from custody. Meanwhile, K.B. was placed with an adoption-motivated foster family who had already adopted his older sister, Ke.B. The record indicates that the foster family was actively addressing K.B.'s medical and educational needs and that K.B. was bonded with them.

We conclude that the trial court reasonably could have formed a firm belief or conviction that termination of Father's parental rights was in K.B.'s best interest. Having found that the evidence is legally sufficient to support the trial court's best-interest finding, we overrule Father's sole issue.

## Mother's Appeal

Counsel for Mother filed an *Anders* brief asserting that she diligently reviewed the record and that she believes the appeal to be frivolous. *See generally Anders v. California*, 386 U.S. 738 (1967); *In re A.S.*, 653 S.W.3d 298 (Tex. App.—Waco 2022, no pet.). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In her brief, counsel provided us with the appropriate facts of the case and its procedural history, and has discussed why, under controlling authority, there is no reversible error in the trial court's termination order. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008). Further, counsel for Mother has informed us that she served her client with a copy of the *Anders* brief, provided a copy of the appellate record to Mother, and informed Mother of her right to file a *pro se* response to the *Anders* brief. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319-

20 (Tex. Crim. App. 2014); *In re A.S.*, 653 S.W.3d at 299-300.  Mother filed a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988).  We have reviewed the record, counsel's brief, and Mother's *pro se* response, and we have found nothing that would arguably support an appeal for Mother.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  We affirm the judgment of the trial court terminating Mother's parental rights to K.B.  Mother's appointed counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of those duties.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

## Conclusion

Having found that Mother's appeal is frivolous, and having overruled Father's sole issue in his appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  April 10, 2025

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed
[CV06]

